**IT IS ORDERED as set forth below:**



**Date: September 18, 2014**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MILLER AUTO PARTS & SUPPLY | ) | PROPOSED |
| COMPANY, INC., et al., | ) | Jointly Administered Under |
| | ) | CASE NO. 14-68113-mgd |
| Debtors. | ) | |

**ORDER GRANTING MOTION FOR ORDER AUTHORIZING PAYMENT OF
PRE-PETITION WAGES, PAYROLL TAXES, CERTAIN EMPLOYEE BENEFITS,
RELATED EXPENSES, AND OTHER COMPENSATION TO EMPLOYEES AND
<u>INDEPENDENT CONTRACTORS</u>**

This matter is before the Court on the motion of Miller Auto Parts & Supply Company, Inc., ("**Miller Auto**"), Johnson Industries, Inc. ("**Johnson Industries**"), Miller Auto Parts & Paint Company, Inc. ("**Miller Paint**"), and AutoPartsTomorrow.com, LLC ("**APT**"), debtors and debtors-in-possession (collectively, the "**Debtors**"), for authority to pay pre-petition wages, payroll taxes, certain employee benefits, related expenses, and other compensation to employees and independent contractors (the "**Motion**").

The Court has considered the Motion, the Declaration of Randy Kulamer in Support of First Day Applications and Motions, arguments and representations of counsel and testimony of Randy Kulamer as reflected in the record of the hearing held on the Motion.  It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been given to the Office of the United States Trustee, counsel for the Debtors' pre-petition senior secured lender, counsel to the Debtors' proposed debtor-in-possession lender, any other party asserting a security interest in assets of the Debtors, and the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. To the extent permitted under any post-petition financing order approved by this Court, the Debtors are authorized to pay all Obligations, as defined in the Motion, that have accrued by virtue of the services rendered prior to the Petition Date; provided, however, the payments to any individual shall not exceed the limitations set forth in 11 U.S.C. § 507(a)(4) unless authorized by further order to the Court, and to provide reimbursement of ordinary and customary employee expenses in accordance with the Debtors' pre-petition practices and policies.  The Obligations that the Debtors are authorized to pay are described in the Motion and include, without limitation: (i) wages, salaries, and other compensation; (ii) payroll taxes; (iii) qualified 401(k) plan obligations; and (v) health and welfare benefits.

3. Subject to the availability of funds, the Debtors' banks are authorized and directed to honor any check or draft representing an Obligation that may be presented for payment and to

make other transfers necessary to implement these transactions provided that sufficient funds are available in the applicable accounts to make the payments and transfers. The Debtors are further authorized to pay any cost or penalty incurred by their employees in the event that a check issued by the Debtors for payment of the Obligations is inadvertently not honored because of the filing of the Debtors' bankruptcy cases.

4.      The banks and other financial institutions that process, honor and pay any and all checks on account of Obligations may rely on the representation of the Debtors as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.      Neither this Order, nor the Debtors' payment of any amounts authorized by this Order, shall (i) result in any assumption of any executory contract by the Debtors; (ii) result in a commitment to continue any plan, program, or policy of the Debtors; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtors.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**END OF DOCUMENT**

Prepared and presented by:
SCROGGINS & WILLIAMSON, P.C.


/s/  Ashley R. Ray
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559
1500 Candler Building
127 Peachtree Street, NE
Atlanta, Georgia 30303
T:  (404) 893-3880
F:  (404) 893-3886
E:  rwilliamson@swlawfirm.com
     aray@swlawfirm.com

*Counsel for the Debtors*

**D**ISTRIBUTION **L**IST

Ashley R. Ray
SCROGGINS & WILLIAMSON, P.C.
1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303

Vivieon E. Kelley
OFFICE OF THE UNITED STATES TRUSTEE
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Darryl S. Laddin
ARNALL GOLDEN GREGORY LLP
171 17th Street, NW
Suite 2100
Atlanta, GA 30363