IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MILLER AUTO PARTS & SUPPLY | ) | Jointly Administered Under |
| COMPANY, INC., et al., | ) | CASE NO. 14-68113-mgd |
| | ) | |
| Debtors. | ) | |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH AMREP, INC.

COME NOW Miller Auto Parts & Supply Company, Inc. ("MAP"), Johnson Industries, Inc. ("Johnson"), Miller Auto Parts & Paint Company, Inc., and AutoPartsTomorrow.com, LLC, debtors and debtors-in-possession (collectively, the "Debtors" and their respective bankruptcy estates, collectively, the "Bankruptcy Estates") in the above-styled jointly administered case (the "Bankruptcy Case"), and file this Motion For Approval Of Compromise and Settlement With Amrep, Inc. (the "Motion"), and in support thereof, would respectfully show this honorable Court as follows:

### SUMMARY OF SETTLEMENT

1.  On or about March 16, 2015, Amrep filed a request for payment of administrative expense claim (Number 309) under 11 U.S.C. § 503(b)(9) asserting an administrative expense claim in the amount of $43,262.04 (the "503(b)(9) Request"). On or about March 16, 2015, Amrep also filed proof of claim (Number 308) (the "Filed Claim") asserting a general unsecured claim in the amount of $43,262.04. On or about April 29, 2015, the Debtors filed an adversary proceeding against Amrep (Adv. Pro. No. 15-05210), which objected to the 503(b)(9) Request and the Filed Claim, and also asserted certain preference claims against Amrep (the "Adversary Proceeding"). By this Compromise Motion, the Debtors seek to resolve all of Amrep's claims against the

Bankruptcy Estates and the Adversary Proceeding with the payment by Amrep of $9,500, the waiver of the 503(b)(9) Request, and the execution of a mutual release.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

3. On September 15, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in the Bankruptcy Case. No request has been made for the appointment of a trustee or examiner. On September 24, 2014, the United States Trustee appointed the Official Committee of Unsecured Creditors for the Bankruptcy Estates (the "Committee").

5. On or about October 3, 2014, the Debtors each filed their Statement of Financial Affairs and accompanying Bankruptcy Schedules (collectively, the "Schedules").

6. On December 23, 2014, the Debtors filed their Motion (A) To Establish A Bar Date For Filing Proofs Of Claim And Requests For Payment Of Administrative Expense Claims Under 11 U.S.C. §503(b)(9); (B) For Approval Of Bar Date Notice, Proof Of Claim Form, And §503(b)(9) Request For Payment Form; And (C) For Approval Of Other Procedures (the "Bar Date Motion").

7. On or about January 6, 2015, this Court entered an Order Granting Motion (A) To Establish A Bar Date For Filing Proofs Of Claim And Requests For Payment Of Administrative Expense Claims Under 11 U.S.C. §503(b)(9); (B) For Approval Of Bar Date Notice, Proof Of Claim Form, And §503(b)(9) Request For Payment Form; And (C) For Approval Of Other Procedures (the "Bar Date Order") which established 5:00 p.m. (Eastern) on March 16, 2015 (the "Bar Date") as the last date for filing proofs of claim, proofs of interest and requests for payment of administrative expense claims under 11 U.S.C. §503(b)(9) and approved a form of bar date notice, proof of claim form, 503(b)(9) request for payment form and other procedures. The Bar Date Order required parties to file "Proofs of Claim" asserting the total amount of their claim and "503(b)(9) Requests," asserting the portion of their claim allegedly entitled to administrative expense priority under Bankruptcy Code Section 503(b)(9).

**FACTS SPECIFIC TO THIS COMPROMISE MOTION**

8. Prior to the sale of substantially all of the Debtors' assets, the Debtors were national suppliers and distributors of automotive parts offering a unique product mix of both original equipment and aftermarket products. Amrep was a vendor of certain products to the Debtors.

9. As noted above, on or about March 16, 2015, Amrep filed its 503(b)(9) Request and its Filed Claim, on account of products shipped to the Debtors prior to the Petition Date, for which payment has not been made (collectively, the "Amrep Claims").

10. As described more fully in the Complaint initiating the Adversary Proceeding, the Debtors paid Amrep no less than $33,644.65 during the 90 days preceding the Petition Date, which payments may constitute preferential transfers and may be recoverable for the benefit of the Bankruptcy Estates, depending on the strength of any affirmative defenses asserted by Amrep.

## **COMPROMISE AND SETTLEMENT**

11. The Debtors are responsible for investigating, evaluating, analyzing, and determining if a resolution was possible with regard to the Amrep Claims and the claims asserted in the Adversary Proceeding. The Debtors have conducted due diligence and have analyzed the applicable legal issues pertaining to: (i) the Amrep Claims; (ii) Amrep and the Debtors' prepetition business relationship; (iii) the claims and causes of action asserted against Amrep in the Adversary Proceeding; and (iv) Amrep's potential defenses thereto, including the new value and ordinary course defenses.

12. The Amrep Settlement (as defined below) is the product of the Debtors and Amrep's arms-length negotiations. Below is a summary of settlement terms between the Debtors and Amrep (the "Amrep Settlement"), as more fully set forth in the Settlement Agreement attached hereto as **Exhibit A**:

    A.    Amrep shall pay the Bankruptcy Estates the sum of $9,500.00;

    B.    Amrep's 503(b)(9) Request shall be deemed withdrawn and disallowed, and Amrep shall be entitled to no recovery from the Bankruptcy Estates on account thereof;

    C.    Amrep's Filed Claim shall be allowed in the amount of $43,262.04 as a general unsecured claim;

    D.    Any other Amrep claims held or asserted by Amrep against the Debtors are deemed not allowed and are waived, released and otherwise fully satisfied;

    E.    Amrep, the Debtors and the Bankruptcy Estates, shall execute mutual, complete releases as set forth in the Settlement Agreement (other than the Filed Claim), effective upon Court approval of this Motion resulting in entry of an order approving the compromise;

    F.    Upon Court approval of this Motion resulting in entry of an order approving the compromise, and within ten (10) days after all applicable appeal periods with regard to such order have lapsed, the Debtors shall dismiss the Adversary Proceeding with prejudice; and

  G. Such other terms and agreements as are more fully set forth in the Settlement Agreement, which all parties-in-interest are encouraged to read in full.

## AUTHORITY AND ANALYSIS

13. This Court has the right and the power to approve the Amrep Settlement. *See* 11 U.S.C. § 105; FED. R. BANKR. P. 9019. Bankruptcy Rule 9019(a) provides, in pertinent part, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).

14. The Debtors believe that the Amrep Settlement is in the best interests of the Bankruptcy Estates and the creditors thereof under the circumstances; thus, it should be approved. Settlements and compromises are a "normal part of the process of reorganization." *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939). The Supreme Court of the United States has further said: "[i]n administering [Bankruptcy] Proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims as to which there are substantially and reasonable doubts." *Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson (In re TMT Trailer Ferry, Inc.)*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972). Settlements are "desirable and wise methods of bringing [closure] to . . . proceedings otherwise lengthy, complicated and costly." *Matter of Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

15. Under Bankruptcy Rule 9019(a), this Court may approve a compromise or settlement "on motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustee . . . ." *Protective Comm. For Indep. Stockholders of TMT Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). "In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable, and in the best interests of the bankruptcy estate." *Id.* In making this determination, a bankruptcy court is required to apprise

- 5 -

itself "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *Id.* To determine whether a settlement should be approved under 9019, the Court should:

> form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of the litigation.

*Id.* at 424-25.

16. The decision whether to approve a particular settlement is within the discretion of the bankruptcy court. "It must be remembered that the evaluation of any lawsuit is quite problematic and calls for a significant degree of speculation." *Texas Extrusion Corp. v Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1159 (5th Cir. 1988). A reviewing court will uphold the approval of a settlement if it is the result of "an adequate and intelligent consideration of the merits of the claims, the difficulties of pursuing them, the potential harm to the debtor's estate caused by delay, and the fairness of the terms of the settlement." *TMT Trailer Ferry, Inc.*, 390 U.S. at 434.

17. The Eleventh Circuit has adopted the following factors to consider in evaluating the propriety of a proposed settlement or compromise:

    a. The probability of success in the litigation;

    b. The difficulties, if any, to be considered in the matter of collection;

    c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d. The paramount interest of creditors and a proper deference to their reasonable views in the premises.

- 6 -

*In re Chira*, 567 F.3d 1307, 1312 (11th Cir. 2009). *See also In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

18.    <u>Probability of Success on the Merits</u>.  While the Debtors are confident in their chances of success in reducing Amrep's Claims and prevailing on the merits of the Adversary Proceeding, the Debtors believe the propose result is certainly within the realm of potential litigation results, but without having to spend the funds necessary to litigate.  The primary method of reducing Amrep's Claims would be by way of costly preference litigation for which Amrep has asserted defenses.  Amrep's total filed Section 503(b)(9) administrative claims aggregate to approximately $43,000.  Fully and finally resolving these administrative claims for $0.00, and payment by Amrep of $9,500 to the Bankruptcy Estates to resolve the potential preference claims, appears to the Debtors to be a reasonable result.

19.    <u>Difficulty in Collection and Complexity, Expense, and Likely Duration of the Litigation</u>.  There does not appear to be a difficulty of collection should the Debtors prevail on the Adversary Proceeding.  However, if the matters subject to the Amrep Settlement are litigated, that litigation would be expensive and time consuming.  Such a cost and delay in the administration of the Bankruptcy Cases would be burdensome to the Bankruptcy Estates.  The Bankruptcy Estates would bear substantial litigation expenses – e.g., the employment of expert witnesses, depositions, pretrial-motions and brief preparation, together with the preparation for and participation in a trial.  The Bankruptcy Estates possesses limited unencumbered funds.  Accordingly, one of the significant advantages of the Amrep Settlement is to save significant administrative costs of litigating.

20. <u>Paramount Interest of Creditors</u>.  By virtue of the proposed settlement, Amrep is releasing the Amrep Claims and paying the Bankruptcy Estates $9,500, which will allow additional funds to be available for distribution to creditors.

WHEREFORE, the Debtors and the Committee request that the Court: (a) enter an order approving the Settlement Agreement; and (b) grant such other and further relief as is just and proper.

Dated:  October 23, 2015.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

| | |
|---|---|
| 1500 Candler Building | |
| 127 Peachtree Street, NE | /s/ Matthew W. Levin |
| Atlanta, GA 30303 | J. ROBERT WILLIAMSON |
| T: (404) 893-3880 | Georgia Bar No. 765214 |
| F: (404) 893-3886 | ASHLEY REYNOLDS RAY |
| E: rwilliamson@swlawfirm.com | Georgia Bar No. 601559 |
|    aray@swlawfirm.com | MATTHEW W. LEVIN |
|    mlevin@swlawfirm.com | Georgia Bar No. 448270 |

*Counsel for the Debtors*

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| MILLER AUTO PARTS & SUPPLY ) | Jointly Administered Under |
| COMPANY, INC., et al., ) | CASE NO. 14-68113-mgd |
| ) | |
| Debtors. ) | |
| ) | |

## SETTLEMENT AGREEMENT

This settlement agreement (the "Settlement Agreement") is made and entered into between (i) Amrep, Inc. ("Amrep") and (ii) Miller Auto Parts & Supply Company, Inc., Johnson Industries, Inc., Miller Auto Parts & Paint Company, Inc., and AutoPartsTomorrow.com, LLC, debtors and debtors-in-possession (collectively, the "Debtors" and their respective bankruptcy estates, collectively, the "Bankruptcy Estates") in the above-styled jointly administered case (the "Bankruptcy Case") (Amrep and the Debtors are individually referred to herein as a "Party" and collectively as the "Parties").

WHEREAS on September 15, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS Amrep asserts both unsecured and Section 503(b)(9) administrative claims against the Bankruptcy Estates as evidenced by, among other things, filing the following "Proofs of Claim" and "503(b)(9) Requests" as follows: (i) on or about March 16, 2015, Amrep filed a request for payment of administrative expense claim (Number 309) under 11 U.S.C. § 503(b)(9) asserting an administrative expense claim in the amount of $43,262.04 (the "503(b)(9) Request"); and (ii) on or

1

about March 16, 2015, Amrep also filed proof of claim (Number 308) (the "Filed Claim") asserting a general unsecured claim in the amount of $43,262.04. The 503(b)(9) Request and the Filed Claim shall collectively be referred to as the "Amrep Claims".

WHEREAS on or about April 29, 2015, the Debtors filed an adversary proceeding against Amrep (Adv. Pro. No. 15-05210), which objected to the 503(b)(9) Request and the Filed Claim, and also asserted certain preference claims against Amrep (the "Adversary Proceeding").

WHEREAS, the Parties believe that it is in their respective best interests to enter into the Settlement Agreement to resolve the Adversary Proceeding and to avoid the costs and expenses associated with further litigation of the Adversary Proceeding.

NOW, THEREFORE, in consideration of the foregoing and the covenants hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed by the parties as follows:

1.  This Settlement Agreement is subject to the approval of the United States Bankruptcy Court for the Northern District of Georgia (or any other court having jurisdiction over this matter) (the "Bankruptcy Court"). Upon the entry of an order by the Bankruptcy Court approving this Settlement Agreement (the "Approval Order"), and no later than five (5) business days after such Approval Order becomes final ("final", in this context, means fourteen (14) calendar days shall have passed after entry of the Approval Order without a notice of appeal or motion for reconsideration having been filed, or, if such a notice or motion is filed, such appeal shall have been conclusively resolved or such motion shall have been denied), Amrep shall pay to the Debtors, in immediately available funds, the sum of nine thousand, five hundred dollars ($9,500.00) (the "Settlement Payment").

2

2. Upon the Approval Order becoming final, (a) the 503(b)(9) Request shall be deemed disallowed, and Amrep shall have no claims against the Debtors or the Bankruptcy Estates based on 11 U.S.C. § 503(b)(9); and (b) the Filed Claim shall be deemed allowed as a general unsecured claim in the Bankruptcy Case. Other than as set forth above, Amrep shall be deemed to have waived and released any and all other filed or unfiled claims it has or may have against the Debtors and/or the Bankruptcy Estates, and any scheduled claims, with such waiver and release to be effective upon the Approval Order becoming final.

3. Contingent upon the Approval Order becoming final and the Debtors' receipt of the Settlement Payment, the Debtors on behalf of themselves and the Bankruptcy Estates, on the one hand, and Amrep, on the other hand, hereby release, acquit and forever discharge each other, their affiliates and their respective partners, principals, employees, successors, assigns and agents from any and all claims, counterclaims, rights, demands, obligations, costs, damages, losses, liabilities, attorneys' fees, actions, lawsuits and causes of action, of whatever kind or nature, known or unknown, fixed or contingent, which either has, had or may hereafter claim to have in law or in equity, arising on or before the date of this Settlement Agreement, other than the Filed Claim.

4. The parties agree that within ten (10) days of the Debtors' receipt of the Settlement Payment, the Adversary Proceeding shall be dismissed with prejudice, with each party to bear its own attorneys' fees and costs of suit.

5. This Settlement Agreement, along with the documents referred to herein, constitute the entire agreement among the parties with regard to the subject matter hereof. This Settlement Agreement may not be modified or amended except in writing signed by all signatories hereto or their successors in interest.

6.    It is understood and agreed that this Settlement Agreement is being made in connection with the settlement and compromise of disputed claims and that such settlement is not to be construed as an admission or concession of liability by any party. If this Settlement Agreement is not approved by the Court for any reason, then this Settlement Agreement shall be null and void, and inadmissible against any party, and the parties shall be returned in all respects to the *status quo ante*.

7.    This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Georgia.

8.    Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the jurisdiction of the Bankruptcy Court. In the event the Bankruptcy Court declines jurisdiction, the parties agree that jurisdiction is proper in the state or federal courts of the State of Georgia.

9.    This Settlement Agreement may be executed in any number of counterparts, including by a "PDF" thereof or by facsimile, each of which shall be deemed to be an original but all of which shall constitute one and the same document.

10.    The undersigned persons represent and warrant that they have full authority to execute this Settlement Agreement on behalf of the respective parties, and that the respective parties have full knowledge of and have consented to this Settlement Agreement.

This 22 day of October, 2015.

4

| | |
|---|---|
| MILLER AUTO PARTS & SUPPLY COMPANY, INC. | AMREP, INC. |
| By: *S. Stan* <br> Name: GEORGE HARE <br> Title: DIRECTOR | By: _____ <br> Name: _____ <br> Title: _____ |

JOHNSON INDUSTRIES, INC.

By: *S. Stan*
Name: GEORGE HARE
Title: DIRECTOR

MILLER AUTO PARTS & PAINT COMPANY

By: *S. Stan*
Name: GEORGE HARE
Title: DIRECTOR

AUTOPARTSTOMORROW.COM, LLC

By: *S. Stan*
Name: GEORGE HARE
Title: DIRECTOR

5

MILLER AUTO PARTS & SUPPLY COMPANY, INC.

By:_____
Name:_____
Title:_____

JOHNSON INDUSTRIES, INC.

By:_____
Name:_____
Title:_____

MILLER AUTO PARTS & PAINT COMPANY

By:_____
Name:_____
Title:_____

AUTOPARTSTOMORROW.COM, LLC

By:_____
Name:_____
Title:_____

AMREP, INC.

By: *[signature]*
Name: Robert D. Novo
Title: CAO

## **CERTIFICATE OF SERVICE**

      This is to certify that on this date I served a true and correct copy of the foregoing Motion by causing same to be deposited in the United States Mail with adequate postage affixed thereon and addressed to the following persons:

Joseph M. Coleman
Kane Russell Coleman & Logan PC
3700 Thanksgiving Tower
1601 Elm Street
Dallas, TX  75201

Darryl Laddin
Arnall Golden Gregory LLP
171 17th Street, NW
Suite 2100
Atlanta, GA  30363

Vivieon E. Kelley
Office of the United States Trustee
75 Spring Street, SW
Room 362
Atlanta, GA  30303

This 23rd day of October, 2015.

SCROGGINS & WILLIAMSON, P.C.

| | |
|---|---|
| | /s/ Matthew W. Levin |
| 1500 Candler Building | J. ROBERT WILLIAMSON |
| 127 Peachtree Street, NE | Georgia Bar No. 765214 |
| Atlanta, GA 30303 | ASHLEY REYNOLDS RAY |
| T: (404) 893-3880 | Georgia Bar No. 601559 |
| F: (404) 893-3886 | MATTHEW W. LEVIN |
| E: rwilliamson@swlawfirm.com | Georgia Bar No. 448270 |
|   aray@swlawfirm.com | |
|   mlevin@swlawfirm.com | *Counsel for the Debtors* |

- 9 -